IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01080-RBJ

D.R. HORTON, INC. – DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation;
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation;
ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,
CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation,
HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; and
HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants.

_____

ORDER

_____

This comes before the Court on defendant Hartford's motion for a determination of

Question of Law [docket #48], in which other defendants joined, and plaintiffs' motion for a

determination of law [#51]. The motions were argued on November 30, 2012, but the Court's

ruling was deferred based on the parties' and the Court's anticipation that the disputes might be

resolved among them informally. The Court has received status reports since that time. While

some claims have been resolved against some defendants, nothing has been accomplished that

moots the two pending motions. Accordingly, the Court now addresses the two questions posed.

**Facts**

Plaintiffs developed a residential community in Arapahoe County, Colorado known as

Windemere. The actual construction, mostly performed during the years 2004 through 2009,

was performed by subcontractors. In September 2009 the homeowners' association sued

plaintiffs in the Arapahoe County District Court based upon alleged construction defects.  The parties later stipulated to arbitrate those disputes, and they apparently are pending in private arbitration at this time.

The subcontractors whose work allegedly was defective included A&A Construction Services; Concrete Express, Inc.; Mike's Stucco, LLC; Horizon Drywall, Inc.; and Tristar Drywall, Inc.  Each of those subcontractors was insured under a liability insurance policy provided by one or more of the insurers who are the defendants in this case.  Each policy named the plaintiffs as additional insureds.  Plaintiffs tendered the defense of the underlying suit, now in arbitration, to each of these insurers.  Each of them allegedly accepted the tender and agreed to defend.  Although plaintiffs believed that the obligation to defend was joint and several, it proposed a fee-sharing arrangement and, with the insurers' consent, hired a third-party to administer the accounting and billing of the defense costs.  However, at least as of the date of the filing of the present case, the insurers had either refused to pay or had paid only a small portion of the defense costs billed to them.  As of that date, plaintiffs allege that they had been forced to fund more than $950,000 of their own defense costs.

Therefore, plaintiffs filed this suit, asserting three claims: (1) for a declaratory judgment of the respective rights and obligations of the parties; (2) breach of contract on the basis that each insurer had a joint and several contractual obligation to defend; and (3) bad faith liability under C.R.S. § 10-3-1116.

### **Hartford's Motion for a Determination of Law [#48].**

This motion asks the Court to decide whether an insured – in this case additional named insured – is a "first party claimant" vis-à-vis his liability insurer for purposes of sections 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes.  This troublesome issue has provoked

conflicting decisions from federal and state judges.  The issue is reportedly pending in the

Colorado Court of Appeals, and that court's decision will bind this Court, subject only to the

ultimate resolution by the Colorado Supreme Court.  I note as well that plaintiffs have now

resolved their "bad faith" claim against all but one of the insurers.  Therefore, it is tempting to

defer resolution of motion #48.  However, because the claim remains outstanding against

Mountain States, and because the parties want an answer, the Court will give them one.

C.R.S. § 10-3-1116(1) provides:

> A first-party claimant as defined in section 10-3-1115 whose claim for payment of
> benefits has been unreasonably delayed or denied may bring an action in a district
> court to recover reasonable attorney fees and court costs and two times the
> covered benefit.

The significance of this provision to the parties is, of course, the insurer's obligation to

pay attorney's fees and double damages if it unreasonably delays or denies a claim by a "first

party claimant."

C.R.S. § 10-3-1115 provides the definition of a "first-party claimant" for this purpose.  In

relevant part, it states:

> "First-party claimant" means an individual, corporation, association, partnership,
> or other legal entity asserting an entitlement to benefits owed directly to or on
> behalf of an insured under an insurance policy.

Two judges on this court have construed this language as supporting plaintiffs' position

here.  In *D.R. Horton, Inc.--Denver v. Travelers Indemn. Co.,* No. 10CV2826, 2012 WL

5363370 (D. Colo. 2012), on facts quite similar to the present case, Judge Martinez held that

D.R. Horton was a "first-party claimant" for purposes of §§10-3-1115 and 10-3-1116.  *Id.* at *11.

The court's decision was based strictly on interpretation of the statutory language.  The court

acknowledged that it could be argued that indemnification benefits would be owed to a third

party, it concluded that "where the claim is brought by the insured seeking to recover its own

defense fees and costs, as is the case here, the Court finds it indisputable that the benefits are 'owed directly to or on behalf of [the] insured,' and thus is a first party claim." *Id.* That view was shared by Judge Krieger in *Sterling Constr. Mgmt., LLC v. Steadfast Ins. Co.,* No. 09CV2224, 2011 WL 3903074, at *12 (D. Colo. Sept. 6, 2011).

That view was also stated in a detailed analysis by Judge Hoffman in the Denver District Court. *Stresscon Corp. v. Rocky Mountain Structures, Inc.,* No. 09CV3252, slip op. at 1-5 (April 22, 2010), filed here as [#59-1]. That is the case that is pending in the Colorado Court of Appeals.

Two other judges on this court have come out the other way. In *New Salida Ditch Co., Inc. v. United Fire & Cas. Ins. Co.,* 2009 WL 5126498, at *5 (D. Colo. Dec. 18, 2009), Judge Kane cited the statutes. However, his conclusion that the insured's claim for a defense and indemnity under a liability was a third-party claim was based on traditional definitions of first-. and third-party claims as set forth in *Goodson v. American Std. Ins. Co.,* 89 P.3d 409, 414 (Colo. 2004). In *Gustafson v. American Family Mut. Ins. Co.,* No. 11CV1303, 2012 WL 4755357, at *11 (D. Colo. Oct. 5, 2012), Judge Brimmer cited and followed *New Salida* without further discussion.

I am persuaded by the Martinez-Krieger-Hoffman view. I agree that it is traditional in the insurance coverage world to think of liability insurance as third-party coverage, because the insurance applies to claims and suits by third parties; whereas, when there is no claim by a third party and the insured is making a direct claim against his insurer for benefits, such as a claim for benefits under a health insurance or a property policy, this is thought of as first-party insurance. However, the plain language of the C.R.S. § 10-3-1115 (b)(I) defines "first-party claimant" to be an insured seeking benefits owed "directly to or on behalf of" the insured. Although the insurers

in the present case argue that the legislative history of the statute suggests a different interpretation, I do not reach legislative history when the statutory language is not ambiguous.

### Plaintiffs' Motion for a Determination of Law [#51]

This motion presents the simple question whether, when multiple insurers have a duty to defend, is the duty joint and several?  The parties agree that Colorado's appellate courts have not directly addressed that issue.  Judge Martinez addressed that question as well and held that the duty is joint and several.  *D.R. Horton, Inc.—Denver,* 2012 WL 5363370, at *8-9.  Once again I agree.  *See* Scott C. Turner, INSURANCE COVERAGE OF CONSTRUCTION DISPUTES § 7:21 (2010) (where a number of policies contemplate the duty to defend equally, the obligations of the insurers to defend are joint and several).  This is not to say that there should not or will not be an apportionment of the defense costs among the insurers, either under a "time on the risk" or some other appropriate allocation method.  *Cf. Public Service Co. v. Wallis,* 986 P.2d 924, 939-41 (Colo. 1999)(not addressing allocation of defense costs).  *See also Insurance Co. of. N. Am. v. Forty-Eight Insulations,* 633 F.2d 1212, 1225 (6th Cir. 1980).  However, the allocation of defense costs is a matter to be worked out among the insurers and, if they cannot do so, then by a court. The insured does not have to go without a defense or fund its own defense while the insurers argue amongst themselves.

### Order

1. Motion #48 is GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent that the Court has issued its determination of law.  However, the Court does not conclude, as requested in the motion, that plaintiffs are not "first-party claimants" under C.R.S. §§ 10-3-1115 and 10-3-1116.  The Court concludes that plaintiffs are "first-party claimants."

2.  Motion #51 is GRANTED.  The Court has issued is determination of law that the

duty to defend is joint and several among the defendant insurance companies.

DATED this 25th day of February, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge