**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01080-RBJ

D.R. HORTON, INC. – DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation;
D.R. HORTON, INC, a Delaware corporation

 Plaintiffs,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation;
ZURICH AMERICAN INSURANCE COMPANY, a New York corporation CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; and
HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation

 Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO SET EVIDENTIARY HEARING TO DETERMINE THE AMOUNT OF DRH'S RECOVERABLE FEES AND COSTS AND FOR PRETRIAL SCHEDULING ORDER RE: SAME**

---

 THIS MATTER, having come before the Court on Plaintiffs' Motion to set Evidentiary Hearing to Determine the Amount of DRH's Recoverable Fees and Costs and for Pretrial Scheduling Order re: Same (the "Motion") and the Court having reviewed the Motion and being otherwise fully advised as to all matters thereto,

 HEREBY ORDERS that the Motion is granted as follows:

1. Plaintiffs shall contact the Court and obtain available dates for a four-hour evidentiary hearing to be held no sooner than 90 calendar days, and no later than 120 calendar days, following the entry of this Order. Plaintiffs shall confer with counsel for Mountain States, identify an acceptable hearing date, then confirm the date with the Court. Once the parties have agreed upon an acceptable date, the Court will set the matter.

2. Time at the evidentiary hearing shall be split evenly between the parties.

3. Within 15 calendar days following the entry of this Order, Mountain States shall identify, in writing, any entries in the invoices DRH previously produced[1] that Mountain States

---

[1] The parties have acknowledged that DRH has previously provided Mountain States with invoices spanning the time period from August 2011 through July 2014.

    contends may constitute fees or costs "that were specifically related to the claims against the co-defendants."

4. No later than 45 days prior to the hearing:

    a. Plaintiffs shall produce to Mountain States any document(s) (including, but not limited to, fee and vendor invoices) that Plaintiffs may introduce at the hearing.[2,3]

    b. Mountain States shall produce to Plaintiffs invoices evidencing all costs, fees and advances billed to Mountain States (by its counsel, experts and/or other vendors) with respect to this matter.

    c. To the extent the above-referenced documents reflect the substance (as opposed to the mere existence) of communications between counsel and client, such communications may be redacted without the necessity of a privilege log. Any and all other redactions must be appropriately logged.

5. No later than 25 calendar days before the hearing, the parties shall exchange any expert reports or opinions they intend to present at the hearing.

6. No later than 10 calendar days before the hearing, the parties shall:

    a. Mark and exchange any exhibits they intend to introduce at the evidentiary hearing;

    b. File an appropriate exhibit and witness list with the Court;

    c. File with the Court any briefs they wish to submit pertaining to the determination of the amount of DRH's recoverable costs and fees.

    DONE THIS 7th DAY OF October, 2014.

                      BY THE COURT:

                        DISTRICT COURT JUDGE R. BROOKE JACKSON

---

[2] The Court recognizes that Plaintiffs will continue to incur costs and fees through the hearing date. This Order is not intended to preclude Plaintiffs from: 1) supplementing their production to disclose later-incurred costs and fees; or, 2) seeking to introduce evidence of such later-incurred costs and fees at the evidentiary hearing. The Court does, however, anticipate that Plaintiffs will supplement by producing invoices generated subsequent to the initial production date in a timely fashion once they are finalized and sent to the client.

[3] This production is not intended to encompass impeachment or rebuttal evidence. Based on the schedule provided herein, such evidence could not be identified until after expert reports are exchanged, at the earliest.